Joseph Panvini, Esq.
Joe.Panvini@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| SHANE EIDSON,<br><br>    Plaintiff,<br><br>v.<br><br><br>COMENITY BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendants. | Case No.: 3:23-cv-252<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit Reporting Act** |

Plaintiff, Shane Eidson, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.   INTRODUCTION

1.   This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.   PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Ellis, Texas.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, Comenity Bank is and at all times relevant hereto was, a lending institution regularly doing business in the State of Texas.

5. At all times pertinent hereto, Defendant Comenity Bank is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendant Comenity Bank was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendants Comenity Bank is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Texas.

9. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Texas.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

13. Defendant, Equifax Information Services LLC ("Equifax"), is a credit

reporting agency, licensed to do business in Texas.

14. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Texas.

15. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

17. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

18. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

19. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Ellis County, Texas and Defendants do business in Texas.

20. Personal jurisdiction exists over Defendants as Plaintiff resides in Texas, Defendants have the necessary minimum contacts with the state of Texas, and this suit arises out of specific conduct with Plaintiff in Texas.

### IV.   FACTUAL ALLEGATIONS

21. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Comenity Bank, Experian, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

22. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

23. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

24. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

25. Plaintiff discovered a Comenity Bank account COMENITYCAPITAL/NFLVS #xxxxxxxxxxxx1640 (the "Account") reporting erroneously on his Experian and Equifax credit reports.

26. The Account reports late payments including June and July 2022.

27. The Account is reporting in error as all payments were set to autopay by the Plaintiff to ensure payments were made on time.

28. Plaintiff discovered the problem when his credit card was declined.

29. Plaintiff promptly called Comenity Bank.

30. Plaintiff promptly tried to make a payment to Comenity Bank and was informed their phone systems were down and unable to accept payments.

31. Comentiy Bank phones systems remained down for three weeks.

32. Plaintiff was directed to a complex online payment system and had great difficulty making payment to Comentiy Bank.

33. Any late payments are the fault of the creditor Comenity Bank.

34. TransUnion does not report the erroneous late payments for the Account.

35. The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

36. On or about September 1, 2022, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding

the Account reporting on Plaintiff's Experian consumer report.

37. On or about September 1, 2022, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

38. Upon information and belief, Experian and Equifax forwarded Plaintiff's Experian Dispute and Equifax Dispute ("Dispute Letters") to Defendant Comenity Bank.

39. Upon information and belief, Comenity Bank received notification of Plaintiff's Dispute Letters from Experian and Equifax.

40. Upon information and belief, Comenity Bank verified the erroneous information associated with the Account to Experian and Equifax.

41. Comenity Bank failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

42. Experian and Equifax each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

43. Upon information and belief, Comenity Bank failed to instruct Experian and Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

44. Experian and Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

45. At no point after receiving the Dispute Letters did Comenity Bank, Experian and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

46. Experian and Equifax relied on their own judgment and the information provided to them by Comenity Bank rather than grant credence to

the information provided by Plaintiff.

47. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

## COUNT I – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

48. Plaintiff re-alleges and reaffirms paragraphs 1-47 as though fully set forth herein.

49. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

50. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

51. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

55. Plaintiff re-alleges and reaffirms paragraphs 1-47 as though fully set forth herein.

56. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

57. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

58. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

61. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

62. Plaintiff re-alleges and reaffirms paragraphs 1-47 as though fully set

1  forth herein.

2  63.  After receiving the Equifax Dispute, Equifax failed to correct the false
3  information regarding the Account reporting on Plaintiff's Equifax consumer
4  report.

5  64.  Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish
6  or to follow reasonable procedures to assure maximum possible accuracy in the
7  preparation of the credit reports and credit files Defendant Equifax published
8  and maintained concerning Plaintiff.

9  65.  As a result of this conduct, action and inaction of Defendant Equifax,
10 Plaintiff suffered damage, and continues to suffer, actual damages, including
11 economic loss, damage to reputation, emotional distress, and interference with
12 Plaintiff's normal and usual activities for which Plaintiff seeks damages in an
13 amount to be determined by the trier of fact.

14 66.  Defendant Equifax's conduct, action, and inaction were willful,
15 rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant
16 to 15 U.S.C. §1681n.

17 67.  In the alternative, Defendant Equifax was negligent, entitled Plaintiff
18 to recover damages under 15 U.S.C. §1681o.

19 68.  Plaintiff is entitled to recover costs and attorneys' fees from
20 Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

21

22 ## COUNT IV – EQUIFAX
23 ### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

24 69.  Plaintiff re-alleges and reaffirms paragraphs 1-47 as though fully set
25 forth herein.

26 70.  After receiving the Equifax Dispute, Equifax failed to correct the false
27 information regarding the Account reporting on Plaintiff's Equifax consumer
28 report.

71. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

72. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

74. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – COMENITY BANK
### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

76. Plaintiff re-alleges and reaffirms paragraphs 1-47 as though fully set forth herein.

77. After receiving the Dispute Letters, Comenity Bank failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

78. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Comenity Bank's representations; by failing to review all relevant information regarding

Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Comenity Bank's representations to consumer credit reporting agencies, among other unlawful conduct.

79. As a result of this conduct, action, and inaction of Defendant Comenity Bank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

80. Defendant Comenity Bank's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

81. In the alternative, Defendant Comenity Bank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

82. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Comenity Bank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

  C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

  D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted February 3, 2023.

             */s/Jospeh Panvini*
             Joseph Panvini, Esq.
             McCarthy Law, PLC
             4250 North Drinkwater Blvd, Suite 320
             Scottsdale, AZ  85251
             Telephone: (602) 456-8900
             Fax: (602) 218-4447
             Joe.Panvini@mccarthylawyer.com
             Attorney for Plaintiff